23 C.C.P.A.(Patents)

## In re NOVICK.

Patent Appeal No. 3599.

Court of Customs and Patent Appeals.

May 4, 1936.

Rehearing Denied June 17, 1936.

838

Moses & Nolte, of New York City (Albert C. Nolte, Ross C. Hurrey, and Frank Toohey, Jr., all of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 5, 7, 11, 13, 14, and 15 in appellant's application for a patent for an alleged invention relating to envelopes and other containers of the so-called window type.

Claims 5 and 15 are illustrative. They read:

"5. A paper container including portions forming a front and a back, respectively, and comprising an end portion folded over and pasted against the back, said container including a continuous, transparent strip that runs from end to end of the front, and uninterruptedly through the end portion of the end thereof, said end portion being folded over and pasted against the back so that the transparent portion at the front is left completely unobstructed, and two strips of relatively opaque paper adhesively attached one to each longitudinal marginal portion of said transparent strip.

"15. A container consisting of flexible sheet material, said container having a front and a back and being provided with an end closure seam, said end closure seam comprising a flap-like portion in the back of the container, said portion being of integral construction with the front of the container and being joined to the back, said front and said flap-like portion being provided with an intermediate transparent zone extending throughout said front and flap-like portion and continuously from the one into the other and being of equal width in each, said zone being bordered throughout said front and flap-like portion by lateral less transparent zones also extending continuously from said front into said flap-like portion."

The references are: Eneas, 752,537, February 16, 1904; Swift, 1,038,459, September 10, 1912; Funk, 1,135,786, April 13, 1915; Marston et al., 1,205,100, November 14, 1916; Marbury, 1,632,089, June 14, 1927; Novick, 1,865,037, June 28, 1932; Cohn, et al. (Br.), 14,478, July 28, 1904; Mitchell (Br.), 253,362, June 17, 1926.

Appellant's container or envelope, which may be used either for mailing or for demonstration purposes, has a so-called window, which is composed of transparent material running the full length of the envelope. This window reveals a large area of the contents of the envelope, and dispenses with the necessity of removing the articles for inspection.

The specific details of construction are sufficiently set forth in the quoted claims.

The involved application is a division of appellant's application, Serial No. 220,294, filed September 19, 1927, for a method of making appellant's envelopes or containers, which matured into patent No. 1,865,037, June 28, 1932.

The patent to Eneas relates to an inclosing device, and discloses a wrapper for books and the like comprising opaque strips secured to an intermediate section of transparent material.

The patent to Swift relates to a transparent panel for envelopes, and discloses an opaque paper strip or panel, the longitudinal central section of which is made transparent by the application of an oleaginous or other suitable material. The strip so processed is secured to the envelope blank, by the use of adhesive material applied to the blank and the untreated margins of the panel, so that the window opening of the envelope blank is covered by the transparent portion of the panel.

The patent to Funk relates to a process of making envelopes, and discloses an envelope blank of substantially the same configuration, folded in substantially the same manner, as appellant's envelopes. However, the window of the Funk disclosure does not extend across the end flap of the envelope, as does appellant's.

The patent to Marston et al. relates to so-called window envelopes, and discloses a transparent panel or section extending substantially the full length of the blank. However, opaque parts of the blank are folded over the edges of the transparent panel so that the window of the envelope

does not extend the full length of the blank, as it does in appellant's container.

The patent to Marbury relates to a "grid leak for radio apparatus," and discloses the idea of attaching two opaque strips of metallic foil to two edges of a less opaque strip.

The patent to Cohn et al. (Br.) relates to envelopes, and discloses a transparent panel extending the full length of the envelope. The patentee uses transparent material, and by the application of printers ink makes the envelope opaque, with the exception of the window portion.

The patent to Mitchell relates to wrappers for various articles, particularly those of a perishable nature which are displayed in shop windows and on counters. He discloses a wrapper composed of two sections of material of equal length, one opaque and the other transparent, secured to each other.

In its decision rejecting the appealed claims, the Board of Appeals said:

"Claim 15 is deemed unpatentable over Cohn taken in connection with Funk. The advantage of applicant's construction appears to reside principally in the ease with which it can be produced by severing the individual envelope blanks from long strips of material having transparent portions extending throughout the lengths of the strips. However, applicant has received patent No. 1,865,037 for his method of manufacture and it is not seen that as a finished article the container defined in claim 15 is patentably different from that shown in Fig. 2 of Cohn.

"The remainder of the claims brings out the fact that the transparent portions and opaque portions are formed of separate strips which are adhesively united along their edges or have overlapping edges. According to the method of Figs. 7 and 8, the central portion of the strip is rendered transparent by treatment but the specification states that the applicant also contemplates the employment of separate strips which are adhesively united along their edges.

"The patent to Marston et al. discloses a window envelope in which the part 27 forming the back portion of the envelope blank is made of transparent material and this portion is united to the front portion 10 by means of overlapping areas which are adhesively united. The British patent to Mitchell also discloses a display wrapper in which the transparent portion extends throughout the full length of the wrapper and has its longitudinal edge adhesively united to the opaque portion of the wrapper. The patent to Eneas discloses in Fig. 4 a wrapper in which the central transparent strip c extends the full length of the wrapper and is adhesively united along its longitudinal edges to the outer opaque strips a. In view of these three patents we believe this additional limitation in these claims insufficient to confer patentability thereon and accordingly hold that these claims also fail to define invention over Cohn as used in the discussion of claim 15.

"Applicant urges at length that the examiner is in error in refusing the claims in this application on the ground of double patenting in view of patent No. 1,865,037. We do not understand that the examiner has so ruled. He called attention to the patent to show that applicant had received protection for his method and took the position that the appealed claims should not be allowed unless they were distinguished from the prior art in features which were of sufficient merit when considered from the aspect of the article rather than the method."

Although other matters are discussed in the brief of counsel for appellant, the sole issue before us is whether the appealed claims are patentable, in view of the prior art cited.

It is contended by counsel for appellant that appellant's envelope or container differs from the prior art in three main features, namely: It has a "continuous transparent zone extending through the end flap"; it is of an "assembled construction in which the longitudinal edges of the transparent strip are protected by opaque paper"; it has a "transverse fold-seam in the transparent strip." Counsel further contend that, with the exception of claim 15 which does not contain the second feature, all of the appealed claims contain those three features not found in the prior art.

We are in agreement with counsel for appellant that the references do not disclose a continuous transparent zone extending through the end flap.

In arguing that that feature of appellant's alleged invention is important and has utility, it is stated by counsel that in the manufacture of appellant's containers it is unnecessary to "locate the fold lines with precision," and that, even if the fold lines are not made with precision, the window of the container "will always be of full length

and provide full length exposure" of the contents of the envelope.

The second feature relied upon by appellant—"an assembled construction in which the longitudinal edges of the transparent strip are protected by opaque paper" —is fully disclosed in the patent to Eneas, as held by the tribunals of the Patent Office.

It is argued by counsel for appellant that the third feature—"A transverse fold-seam in the transparent strip [formed by folding the transverse edges of the transparent material and pasting them to the back of the container]"—affords protection for the transparent strip adjacent its ends, and prevents it tearing longitudinally.

Although in the patent to Eneas the transverse edges and the longitudinal edges of the transparent material are protected by opaque paper, the patentee does not disclose a transverse fold-seam in the transparent strip.

We think it is clear from the record that the prior art cited discloses neither the first nor third features, hereinbefore discussed. Those features, however, are really one and the same, because, were it not for the folding of the transparent edges which extend through the end flaps, the mere extension of those edges through the end flaps would have no utility so far as the structure of appellant's container is concerned.

It is true, of course, that by folding the transverse edges of the transparent material and pasting them to the back of the container, the transparent strip is reinforced adjacent its ends, and thus, to some extent, is prevented from tearing longitudinally.

If it would require the exercise of the inventive faculties to fold and fasten the edges of a material to prevent them from fraying, and the material from tearing when subjected to stresses, appellant is entitled to a patent.

However, we are of opinion that such an old expedient is the mere perfection of workmanship, and would occur to anyone skilled in the art.

It is true that appellant's container is new, and it may be useful. However, we are of opinion that it does not involve invention, and that the tribunals of the Patent Office were right in so holding.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.